134 So.2d 274 (1961)
Glenna PARHAM and Richard Parham, individually, and as husband of Glenna Parham, Appellants,
v.
Beatrice KOHLER, Appellee.
No. 61-166.
District Court of Appeal of Florida. Third District.
November 9, 1961.
Rehearing Denied November 28, 1961.
*275 Simons & Simons, Miami, for appellants.
Carey, Goodman, Terry, Dwyer & Austin, Miami, and Joseph A. McGowan, Gainesville, for appellee.
Before HORTON, CARROLL and HENDRY, JJ.
HENDRY, Judge.
This is an appeal from final orders of dismissal which were entered against each of the appellants. The action is brought by the appellants to recover damages allegedly sustained as a result of the negligence of the appellee which caused an automobile accident between the parties. The complaint reads in part as follows:
"Come Now the Plaintiff, Glenna Parham and Richard Parham, individually, and as husband of Glenna Parham, and brings this Complaint against the Defendant, Beatrice Kohler, alleging as follows:"
The allegations of the complaint are then divided into three separate claims representing the individual claim of Glenna Parham, the individual claim of Richard Parham and the derivative claim of Richard Parham as husband of Glenna Parham, respectively.
Appellee, by her answer, denied negligence on her part and set up the affirmative defense of contributory negligence. During the course of discovery proceedings, the appellants stated, under oath, in answer to interrogatories that they were married and gave the date and place of marriage. Subsequently, the cause came on for trial and the appellant, Glenna Parham, was examined and testified as to the details of the accident. Upon cross-examination she reiterated that she was married to the appellant, Richard Parham. After further questioning, it was elicited that she had not married Richard Parham and was still married to one, Michael Stella, whom she married in 1939.
By reason of the above, the court granted appellee's motion to dismiss the cause as to the appellant, Glenna Parham, with prejudice. This motion was predicated upon the obvious falsity in the statements of Glenna Parham while under oath, as to her marital status. Thereafter, the appellant, Richard Parham, was questioned by the court and after he admitted he was not *276 married to Glenna Parham, the court dismissed the cause as to him with prejudice. It is from these orders that this appeal is prosecuted.
The sole question on appeal is whether the trial judge had the power to dismiss the action with prejudice by reason of the perjured testimony as to the marital status of the appellants. Appellants contend that while the trial judge has the discretion and inherent power to control the sanctity of the proceedings, he cannot dismiss the instant cause with prejudice where there has been no adjudication on the merits.
It is fundamental that the success of our entire judicial system is dependent in no small way, on the proper sanctions being at the disposal of the judiciary so that they may deal with perjured testimony. Otherwise, there would be no effective deterrent to future witnesses and parties who have any ideas about falsifying their testimony. However, the law has provided the courts with definite alternatives when, as in the case at bar, they clearly establish that perjured testimony has been given. Among other things, the court may cite the person for contempt, direct that the record be sent to the State Attorney's office for investigation or, in proper cases, strike the pleading or testimony which has clearly been shown to be sham.
In the case at bar, the court elected to send the record to the State Attorney and to dismiss the action with prejudice. We hold that it was error to do the latter.
The rights of the appellants would be impaired if they were unable to get an adjudication on the merits for their alleged injuries. While this court detests the appellants' conduct, the fact remains that they are legally entitled to have their rights in regard to the automobile accident decided upon the merits. Even if the court had cited the appellants for contempt, they would still have a constitutional right to have their cause heard, and it would be a denial of due process to dismiss with prejudice. Palm Shores v. Nobles, 149 Fla. 103, 5 So.2d 52; Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215; McCollum v. Birmingham Post Co., Ala. 1953, 259 Ala. 88, 65 So.2d 689; 10 Fla.Jur., Dismissal, etc., § 19.
The lower court properly noted that the appellants had brought this joint action as husband and wife under § 46.09, Fla. Stat., F.S.A. That section provides that a husband may add his claims to those of his wife's in one action instead of having to bring separate actions. Since it had been established that the appellants were not husband and wife, the appellant, Richard Parham, could not join his claims in one action and was therefore an improper party to this action. Under the law of this state misjoinder of parties is not a ground for dismissal and, accordingly, it was error to dismiss the action. 30 F.S.A. Rules of Civil Procedure, Rule 1.18.[1]
We find that the appellant, Richard Parham, should have been dropped from the action without prejudice to any rights he may have, and that the appellant, Glenna Parham, is entitled to have her claim adjudicated upon the merits in the instant action. It follows, therefore, that the orders appealed from are reversed and the cause is remanded to the lower court for further proceedings in accordance with this opinion.
It is so ordered.
NOTES
[1] "Rule 1.18. Misjoinder And Nonjoinder Of Parties

"Misjoinder of parties shall not be ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any state of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."