397 So.2d 326 (1981)
Leslie L. WHITE D/B/a Les White Realty, and Wayne McLaughlin, Appellants/Cross Appellees,
v.
The MONTEBELLO CORPORATION, and Lucy T. Haynes, Appellees/Cross Appellants.
No. 80-147.
District Court of Appeal of Florida, Fifth District.
March 25, 1981.
Rehearing Denied April 23, 1981.
Mikel W. Carpenter of Jones, Morrison & Stalnaker, P.A., Altamonte Springs, for appellants/cross appellees.
*327 James J. Files, Winter Park, for appellee/cross appellant Haynes.
No appearance for appellee/The Montebello Corporation.
FRANK D. UPCHURCH, Jr., Judge.
Appellants appeal an order denying attorney fees under section 57.105, Florida Statutes (1979). Appellee Lucy Haynes cross appeals entry of summary final judgment denying specific performance and damages.
Appellant Wayne McLaughlin was a real estate salesman employed by appellant Leslie White. He showed appellee a home owned by the Montebello Corporation, and on August 24, 1978, accepted a deposit of $300 as earnest money and gave a receipt for this amount. On August 31, 1978, McLaughlin took a standard contract for sale and purchase designed to reflect a sale between Montebello and a purchaser, and modified it to reflect receipt of the deposit by "Les White Realty" as "Broker" instead of Montebello. The form was executed by appellee as "Purchaser." McLaughlin signed the form immediately below the buyer's signature in the space marked as "Witness." On the seller's portion of the form was printed:

 Witness: _________________ Seller: THE MONTEBELLO
 CORPORATION
 Witness: _________________ By: __________________

The seller's portion of the form was never executed. Upon submission of the form to Montebello, appellant discovered the property was no longer available and appellee was so informed. Appellant offered to return the deposit and offered to show appellee similar properties. Appellee contended that Montebello was bound and sought specific performance of the "contract" contending that when McLaughlin signed, even though he signed as "witness," he bound Montebello.
Appellee's complaint alleged that the form which she had signed was the written contract between the parties and that the contract was subscribed by appellant McLaughlin for the Montebello Corporation. Appellants and Montebello moved to dismiss but the motion was denied. However, the court later granted their motion for summary judgment.
The question raised by the appeal is whether there was a complete absence of a justiciable issue of either law or fact raised by the losing party so as to entitle appellants to an award of attorney's fees under section 57.105, Florida Statutes (1979).
We find that no justiciable issue was raised and we reverse the order denying attorney fees.
We question whether the complaint even stated a cause of action because the purported contract was not executed and the allegations of the complaint did not attempt to explain the omission of the seller's signature or that appellant McLaughlin, as agent for the Montebello Corporation, was acting within the scope of his authority. The propriety of the trial judge's ruling on this motion was not raised by appellants because they understandably elected to proceed on a motion for summary judgment and ultimately prevailed on the motion.
Neither the affidavits nor the depositions show that appellant was authorized to bind the Montebello Corporation. No proof was offered to show that McLaughlin signed as anything more than as a witness for appellee. While the complaint alleged that McLaughlin "subscribed" the "contract" for the Montebello Corporation, there was no allegation or proof that he was authorized to execute the agreement for Montebello and his signature clearly labelled as a "witness" completely refutes the allegation that he acted for Montebello.
Appellee's claim was totally lacking in a justiciable issue, either of law or fact, and therefore was frivolous. Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980). This is the type of litigation contemplated by section 57.105, Florida Statutes (1979), and hence the trial court abused its discretion in refusing to award a reasonable fee.
We affirm the trial court's entry of summary judgment but reverse the order denying a reasonable attorney's fee for the services of appellants' trial attorneys and remand *328 for determination and award of such fee.
DAUKSCH, C.J., and COWART, J., concur.