397 So.2d 747 (1981)
Richard E. KISLING, T/a Rek Group, Appellant,
v.
Lee WOOLDRIDGE, Appellee.
No. 80-995.
District Court of Appeal of Florida, Fifth District.
April 29, 1981.
Kenneth M. Meer and Thomas V. Infantino, Winter Park, for appellant.
Stephen P. Kanar, Winter Park, for appellee.
*748 ORFINGER, Judge.
The trial court awarded an attorney fee to appellee (defendant below) under the provisions of section 57.105, Florida Statutes (1979), after granting a motion for involuntary dismissal at the close of the plaintiff's case. Only that portion of the final judgment awarding the attorney fee is appealed. We affirm.
In Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980), this court outlined the requirements for the award of attorney's fees under section 57.105. This case clearly falls within those requirements. In the action brought here, charging tortious interference with an advantageous business relationship, appellant proved none of the essential elements of that tort. Appellant is a builder, who contended that his membership in the Home Builder's Association is a valuable business relationship, but it is clear that he showed neither an interference with that relationship by appellee nor any damage. The most that can be said is that appellee, for whom appellant built a home, wrote a letter of complaint to the Association, contending that he was unable to get action on some needed corrections. Appellant may have been offended by the letter, but there is no evidence that anything adverse resulted from it. In fact, the contrary is shown.[1]
The trial court was justified in finding the action frivolous and in awarding the fees. See White v. The Montebello Corporation, 397 So.2d 326 (Fla. 5th DCA 1981).
The order appealed from is affirmed. For the reasons expressed here, appellee's motion for appellate attorney fees under the same statute is granted, and the cause is remanded to the trial court to fix that fee.
AFFIRMED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] The record shows that after the letter of complaint was received by the Association and placed on file, appellant was elected treasurer of the Association.