417 So.2d 1005 (1982)
Eugene FIERER and Diane Fierer, Appellants,
v.
18TH AVENUE DEVELOPMENT CORP., Leonard Schreiber, Shirley Schreiber, Richard Vandegrift and Meris Vandegrift, Appellees.
No. 81-451.
District Court of Appeal of Florida, Third District.
June 15, 1982.
Rehearing Denied August 25, 1982.
Samuel Sheres, Hollywood, for appellants.
Pertnoy & Greenberg and Leonard D. Pertnoy, Miami, for appellees.
Before DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Eugene and Diane Fierer, plaintiffs below, appeal an award of attorney's fees (made pursuant to Section 57.105, Florida Statutes (1979)) to Leonard Schreiber, et al., defendants below, following a voluntary dismissal.
The judgment contained the proper specific findings of a complete lack of justiciable issue. Autorico, Inc. v. Government Employees Insurance Company, 398 So.2d 485 (Fla. 3d DCA 1981); City of Miami Beach v. Town of Bay Harbor Islands, 380 So.2d 1112 (Fla. 3d DCA 1980). The trial court's findings are abundantly supported by the record. Kisling v. Woolridge, 397 So.2d 747 (Fla. 5th DCA 1981).
Voluntary dismissal is not a bar to an award of attorney's fees. MacBain v. Bowling, 374 So.2d 75 (Fla. 3d DCA 1979); see also Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976).
Appellants' reliance on Executive Centers of America v. Durability Seating Interiors, Incorporated, 402 So.2d 24 (Fla. 3d DCA *1006 1981) is misplaced. Executive Centers, supra, holds that a dismissal by itself will not support an award under Section 57.105, Florida Statutes (1979), absent the required finding of a complete lack of justiciable issue which is supported by the record. Executive Centers, supra, at 26. Here, the trial court made the requisite finding on the basis of a proper record. Accordingly, the judgment under review is affirmed.
Affirmed.