ORFINGER, Judge.
In the final judgment dissolving the marriage between the parties, the trial court specifically reserved jurisdiction “for the purpose of determining the amount of Attorneys Fees [sic] to be awarded from the Husband to the Wife.” From a subsequent order awarding certain of the husband’s personal property to the wife as partial payment of attorney’s fees, the husband appeals. We reverse.
Attorney’s fees may be awarded to a party only under three circumstances: 1) pursuant to a contract; 2) pursuant to a valid statute; and 3) where awarded for services performed by an attorney in creating or bringing into the court a fund or other property. McElhiney v. Ash Properties, Inc., 411 So.2d 291 (Fla. 1st DCA 1982). Here, the authority to award attorney’s fees to the wife arises by virtue of § 61.16, Florida Statutes (1983) which provides:
The court may from time to time, after considering the financial resources of both parties, order a party to pay a rea *1029 sonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.
The “Order Awarding Attorney’s Fees” makes no determination of a reasonable amount to be awarded as attorney’s fees.[1] A paragraph in the proposed order was drawn in such form as would have made this determination, but the paragraph was stricken.
The order appealed from is thus erroneous because it fails to determine the amount of the reasonable attorney’s fee to be awarded the wife. It is also erroneous because it purports to make a further distribution of property between the parties when the court no longer had jurisdiction to do so. The final judgment reserved jurisdiction only to determine the amount of the fee to be awarded.
We therefore reverse the order appealed from insofar as it purports to award the husband’s property to the wife as partial payment of attorney’s fees, and remand the cause to the trial court for further proceedings not inconsistent herewith. We find no merit to appellant’s remaining points, and as to those issues, the order appealed from is affirmed.
AFFIRMED in part, REVERSED in part and REMANDED.
SHARP and COWART, JJ., concur.

.The operative portions of the order, in full, are as follows:
1. Deleted.
2. That the wife is awarded and the husband is directed to convey as partial compensation for the above [sic] reasonable attorney’s fees all of his right, title and interest in the following described personal property, including but not limited to the following:
1. His boat including its motor, trailer and other auxiliary equipment or attachments thereto.
2. Husband’s motorcycle.
3. Station wagon.
4. All personal property located at [marital home] .... including but not limited to the husband’s laboratory equipment and all various and sundry tools belonging to the husband.
5. The Court especially reserves jurisdiction regarding issues relating to the wife’s interest in that certain Grand Prix automobile and that certain Corvette automobile both titled in the husband’s name.