PER CURIAM.
We find no merit to any points raised by Broward F. Nolin’s appeal and affirm as to all such issues.
We find merit in Shirley A. Nolin’s cross-appeal with respect to the denial of attorney’s fees and costs because the trial court’s conclusion that it had lost jurisdiction to fix the amount of her fees and costs is incorrect. The original judgment of dissolution entered September 23, 1983, included an award of costs and attorney’s fees to the wife and gave certain of the husband’s property to the wife in satisfaction thereof. The court, however, had not taken any evidence of the value of the services of the wife’s attorney, and this original judgment was the subject of a timely amended motion for rehearing, filed by the husband, which complained of the lack of such evidence. The husband also moved the court to return his property since he could borrow funds necessary to pay the wife’s attorney’s fees. By an order rendered November 3, 1983, the court modified the costs and attorney’s fees award to the wife by returning to the husband the property previously designated for the wife in payment thereof, but made no provision for the amount of such costs and attorney’s fees. Since that order changed the wife’s award of costs and fees in material part, it became a new judgment and the wife thereupon timely filed motion for rehearing as to that order, which was not disposed of until a hearing thereon and the resulting order of December 7, 1983, and which declined to set the amount of costs and attorney’s fees for lack of jurisdiction. Yet the trial court clearly had jurisdiction to determine the amount of such fees and costs, and should have done so.
The order of December 7, 1983, and that portion of the order of November 3, 1983, dealing with the wife’s attorney’s fees and costs is vacated, and the case is remanded with directions to hold an evidentiary hearing on the value of the wife’s claim and to enter judgment thereon. See Nivens v. Nivens, 312 So.2d 201 (Fla. 2d DCA 1975); Pearce v. Pearce, 363 So.2d 1146 (Fla. 2d DCA 1978); Medina v. Medina, 461 So.2d 1028 (Fla. 5th DCA 1985); rule 1.530(a), Fla.R.Civ.P.
ERVIN, C.J., and MILLS and ZEHMER, JJ., concur.