PER CURIAM.
During the pendency of a defamation action against a television station, a deposition was taken of Special Agent Bruce Nill of the Florida Department of Law Enforcement (FDLE). At the deposition Nill emphatically stated that records within the FDLE would disclose a link between the plaintiff in the defamation action and a corporation identified before a congressional subcommittee as being guilty of “laundering” drug money in the Caribbean. Plaintiff’s counsel then attempted to secure the information by moving to compel answers on deposition, which disclosure was successfully resisted under the Public Records Act, section 119.07(3)(d), Florida Statutes. Certiorari taken from that order by the plaintiff was denied by this court. Thereafter, the trial court revisited this matter pursuant to the television station’s notice of taking deposition duces tecum and the appellant’s objections thereto which again raised section 119.07(3)(d), Florida Statutes (1983). The trial court ordered an *494 in camera inspection of the appellant’s records and directed both the plaintiff and the television station to list those matters which they would like the trial court to consider when making its in camera inspection. This request was complied with by both parties. After in camera inspection of the documents the trial court found the documents in question were not protected by Section 119.07(3)(d), Florida Statutes (1983) and ordered their release pursuant to the television station’s subpoena duces tecum. Certiorari from that order, taken by the appellant herein was denied by this court. Thereafter, Special Agent Nill was directed, upon further deposition, to demonstrate the link previously testified to, at which time he acknowledged that no such link was demonstrated from the records within the FDLE. The plaintiff then moved for sanctions, pursuant to Rule 1.380(a)(4), Florida Rules of Civil Procedure and under the court’s inherent power, see Continental Casualty Company v. Morgan, 445 So.2d 678 (Fla. 4th DCA 1984), recovering attorney’s fees and costs. This appeal ensued. We affirm.
The ultimate release of FDLE’s records enured to the benefit of plaintiff permitting him to ascertain the truth.
But for the misleading statement of Special Agent Nill at the original deposition, the plaintiff would not have been put through two hearings seeking disclosure and two certiorari proceedings in this court. If a truthful deposition had been given in the first instance, all efforts to secure documents would have been unnecessary. Therefore we find no abuse of discretion in the award here under review, Mercer v. Raine, 443 So.2d 944 (Fla.1983); Farish v. Lum’s, Inc., 267 So.2d 325 (Fla.1972); Shawmut Van Lines, Inc. v. Small, 148 So.2d 556 (Fla. 3d DCA 1963); Goldstein v. Great Atlantic & Pacific Tea Company, 118 So.2d 253 (Fla. 3d DCA 1960), and affirm same.
Affirmed.