582 So.2d 1209 (1991)
John B. KIRBY, et al., Appellants,
v.
Charles Murray ADKINS, et al., Appellees.
No. 89-2361.
District Court of Appeal of Florida, Fifth District.
June 20, 1991.
Rehearing Denied July 30, 1991.
Glenn Klausman and Elizabeth M. Folgeman of Jacobs & Goodman, P.A., Altamonte Springs, for appellants.
James D. Kisio of Carey N. Bos, P.A., Orlando, for appellee Charles Murray Adkins.
Nathan E. Minear of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, P.A., Orlando, for appellees, W.A. Strickland and Barbara Strickland.
*1210 PETERSON, Judge.
John B. Kirby appeals the judgment entered against him for attorney's fees of $2,665.35. Diana J. Cushman appeals the judgment entered against her for attorney's fees and costs of $1,100 and $350, respectively. Cushman also alleges that the trial court erred in striking her pleadings. We affirm the judgment against Kirby for attorney's fees, vacate the judgment against Cushman for attorney's fees and costs, and reverse that portion of the judgment striking Cushman's claims for personal injuries.
Alleging their marital status as husband and wife, Kirby and Cushman instituted an action for negligence arising out of an automobile accident. In count one, Cushman claimed damages for personal injuries. In count two, Kirby claimed damages for loss of consortium of his wife, Cushman. After the defendant's discovery revealed that Kirby and Cushman had never been married, the complaint was amended to delete Kirby's loss of consortium claim. Defendant Adkins then moved to strike the complaint as a sham and requested attorney's fees against Cushman and Kirby. At the hearing on the motion, Cushman testified in an attempt to persuade the court that she had honestly believed she and Kirby were married. Her testimony supplied yet a third version of a time and place of the marriage ceremony. Apparently unpersuaded, the court continued the hearing and allowed defendant Adkins to investigate further. After hearing the results of the investigation, the court struck the amended complaint and awarded attorney's fees against both plaintiffs and costs against Cushman.
We affirm the judgment against Kirby for attorney's fees pursuant to section 57.105, Florida Statutes (1987), since no justiciable issue existed as to his claim for loss of consortium. He has failed to demonstrate error with respect to the award of fees against him, but one of Kirby's arguments merits discussion. Kirby argues that the award was improper since a justiciable issue existed with respect to Cushman's personal injury claim and that, after the amendment deleting Kirby's consortium claim, Cushman's claim still existed. Under the circumstances, we view the amendment of the complaint deleting Kirby's entire claim as the equivalent of a voluntary dismissal. An award of attorney's fees may be made pursuant to section 57.105 when a plaintiff takes a voluntary dismissal provided there is a proper finding of a complete absence of a justiciable issue of law or fact. 51 Island Way Condominium Ass'n, Inc. v. Williams, 458 So.2d 364 (Fla. 2d DCA 1984), rev. denied, 476 So.2d 676 (Fla. 1985); Fierer v. 18th Ave. Development Corp., 417 So.2d 1005 (Fla. 3d DCA 1982), rev. denied, 429 So.2d 5 (Fla. 1983). Since there was no justiciable issue of law or fact with respect to Kirby's claim, we affirm the award of fees against him.
The award of attorney's fees and costs against Cushman was improper since there was no allegation that her personal injury claim failed to create justiciable issues in the original and amended complaints. The order awarding attorney's fees does not specify the authority for the award, and none of the three circumstances for an award of fees set out in Medina v. Medina, 461 So.2d 1028 (Fla. 5th DCA 1985), is present in this case, i.e., (1) pursuant to a contract; (2) pursuant to a valid statute; or (3) pursuant to an award for services performed by an attorney in creating or bringing into the court a fund or property.
In the instant case, the award would not have been proper under section 57.105 since there was no showing that Cushman's claim for personal injuries was frivolous or sham. Glover v. School Bd. of Hillsborough County, 462 So.2d 116 (Fla. 2d DCA 1985). It would not have been proper as a sanction for filing a sham pleading because rule 1.150, Florida Rules of Civil Procedure, allows sham pleadings to be stricken; it does not provide for fees. Ruppel v. Gulf Winds Apartments, Inc., 508 So.2d 534 (Fla. 2d DCA 1987). The court may have had the inherent authority to award fees if it determined Cushman's behavior to be contumacious, but the court did not hold her in contempt. See Florida *1211 Dep't of Law Enforcement v. Ortega, 508 So.2d 493 (Fla. 3d DCA 1987); Miller v. Colonial Baking Co. of Alabama, 402 So.2d 1365 (Fla. 1st DCA 1981). Finally, the award was not proper under rule 1.442. Adkins made an offer of judgment which provided that, if it were not accepted in ten days, it should be deemed withdrawn. Since the offer had been withdrawn prior to the expiration of thirty days after its service, it was void. Fla.R.Civ.P. 1.442(g).
Cushman also argues that the trial court erred in striking her amended complaint. We are thus presented with the question whether a trial court may strike the pleadings of a party who perpetrates a fraud on the court when genuine issues exist with respect to that party's claim. Several Florida courts have reviewed the actions of trial courts in striking pleadings as shams. In Young v. Curgil, 358 So.2d 58 (Fla. 3d DCA 1978), the court noted that, while the law is clear that a court may dismiss an action based upon fraud and collusion, the inference of the existence of those factors in that case was not overwhelming and the matter should be tried. In Tri Star Investments, Inc. v. Miele, 407 So.2d 292 (Fla. 2d DCA 1981), the court cited Young, 358 So.2d 58, and stated that it was clear that a court had inherent authority to dismiss a case when a fraud has been perpetrated on the court but that such action can be taken only on a clear showing of fraud, pretense, collusion, or wrongdoing. A dismissal was upheld in Horjales v. Loeb, 291 So.2d 92 (Fla. 3d DCA 1974), where the plaintiff admitted that his testimony was directly contrary to that given in another proceeding and where there was collusion between the plaintiff and a codefendant. In Sapienza v. Karland, Inc., 154 So.2d 204, 207 (Fla. 3d DCA 1963), it was held that, where the plaintiff sued for conversion of personalty but admitted he had sold a partial interest in the personalty, the trial court erred in dismissing a case since the entire complaint was not a sham, i.e., "a mere pretense set up in bad faith and without color of fact."
All of these cases support the concept that a court has the inherent authority either to dismiss an action or to strike pleadings of a party who perpetrates a fraud on the court. Differences do exist as to whether a party who commits fraud should be permitted to proceed on the merits of a legitimate portion of a claim. We adopt the reasoning in Parham v. Kohler, 134 So.2d 274 (Fla. 3d DCA 1961), a case with facts similar to those in the instant case. In Parham, the plaintiffs sued for personal injuries sustained in an auto accident and alleged that they were husband and wife so that the husband could recover damages for loss of consortium. Both responded in their sworn answers to interrogatories that they were married, giving the date and place of marriage. Only upon cross-examination at trial did the woman admit to being unmarried. The trial court dismissed the case with prejudice because of the falsity of the statements, but the Third District reversed. The opinion indicated that the trial court had the option of citing a person for contempt, directing that the record be sent to the state attorney for prosecution, or, in proper cases, striking the pleadings or testimony clearly shown to be a sham. The opinion further indicated that, even if the plaintiffs had been cited for contempt, they would still have the right to have their cause heard, and it would be a denial of due process to dismiss the case with prejudice. Id. at 276.
Cushman's actions in this case were particularly egregious if, as the trial court seems to have concluded, she perjured herself before the court at the special hearing on the marriage issue. However, the plaintiff in Parham committed perjury in the presence of the court and the jury and admitted lying only upon cross-examination. While we must exercise restraint in doing so, we decline to expand the long-standing and effective remedies set forth in Parham. We therefore vacate the order striking Cushman's amended complaint asserting her claim for personal injuries.
The award of attorney's fees and costs against Cushman is vacated, and we remand for further proceedings on her claim only as presented in her amended complaint. The judgment as to attorney's fees against Kirby is affirmed.
*1212 AFFIRMED in part; REVERSED in part; REMANDED.
DAUKSCH, J., and FOWLER, R.J., Associate Judge, concur.