PER CURIAM.
Appellant, defendant counter-claimant in the trial court, seeks review of an order of the trial court awarding the appellees attorney’s fees pursuant to Section 57.105, Florida Statutes (1989).
The appellant retained the appellee law firm to protect his rights in the stock of Batavus Construction Co., Inc. Batavus filed for protection under the Federal Bankruptcy Act. The appellee filed claims in the bankruptcy court against Julio Amo-ros, Batavus, Richard Wheeler, and United Minerals and Chemicals, for imposition of a constructive trust on the shares of Batavus transferred by Wagner to Amoras. They also filed a claim against King, Wagner, Levy and Raben, a professional partnership, and Marshall King and Stephen A. Wanger, individually, for their acts in handling the transfer of the shares of Batavus Construction Co., Inc. They were unsuccessful in their claim to impose a constructive trust against the shares transferred by *1096 King to Wheeler and then Amoros. The claim against King, Wagner, et al. in the bankruptcy court, was voluntarily dismissed by the appellee. Dismissal was consented to by the appellee. After dismissal in the bankruptcy court, the appellee sued Pena for attorney’s fees due. Pena counterclaimed alleging legal malpractice based on conflict of interest. A summary judgment was awarded the appellee on the malpractice claim. It thereafter moved for attorney’s fees and costs pursuant to Section 57.105, Florida Statutes (1989). After hearing on the motion the trial court entered the order appealed awarding the ap-pellees attorney's fees.
The appellant contends the trial court erred in awarding the appellees attorney’s fees pursuant to Section 57.105, Florida Statutes (1989) on the ground that the ap-pellee failed to prove that there was a complete absence of a justiciable issue of either law or fact raised by the complaint in defense of the losing party necessary for the award of fees under Section 57.105, Florida Statutes (1989).
The record supports the trial court's finding that the counterclaim failed to raise justiciable issues of either law or fact and the trial court should be affirmed. Fierer v. 18th Avenue Development Corp., 417 So.2d 1005 (Fla. 3d DCA 1982); Kisling v. Woolridge, 397 So.2d 747 (Fla. 5th DCA 1981); White v. Montebello Corporation, 397 So.2d 326 (Fla. 5th DCA 1981).
Affirmed.