462 So.2d 116 (1985)
McKinley GLOVER, III, Appellant/Cross-Appellee,
v.
The SCHOOL BOARD OF HILLSBOROUGH COUNTY, Appellee/Cross-Appellant.
No. 84-334.
District Court of Appeal of Florida, Second District.
January 18, 1985.
*117 Steven D. Merryday of Glenn, Rasmussen, Fogarty & Merryday, Tampa, for appellant/cross-appellee.
R. Douglas MacPherson of Few & Ayala, Tampa, for appellee/cross-appellant.
PER CURIAM.
Appellant, McKinley Glover, III, a teacher in the Hillsborough County School System, has appealed from a final judgment granting in part and denying in part his request for the issuance of a writ of mandamus. The appellee School Board of Hillsborough County, has cross-appealed. We affirm in part and reverse in part.
At the conclusion of a public hearing before the school board, charges that had been initiated by the superintendent of schools against appellant were dismissed. Appellant then requested that the school board deliver to him a copy of its findings and a copy of the transcript of the hearing, that it preserve a copy of the transcript in the school board office, and that it pay the attorney's fees and costs appellant incurred in defending the charges that had been brought against him. Upon the school board's refusal of these requests, appellant filed a petition seeking a writ of mandamus requiring the school board to perform them as duties under the terms of the Teacher Tenure Act, chapter 69-1146, section 10, Laws of Florida (amending chapter 21287, section 10, Laws of Florida (1941)). Appellant, pursuant to section 57.105, Florida Statutes (1983), sought an additional award of attorney's fees incurred because of the mandamus action.
The trial court ordered the school board to comply with all of appellant's requests, except it refused to order the school board to pay the attorney's fees and costs incurred by appellant in defending himself at the school board hearing. The trial court also found that the school board failed to raise any justiciable issue of law or fact in the mandamus action except with respect to those attorney's fees and costs. It therefore awarded to appellant a reasonable attorney's fee pursuant to section 57.105 for the other portions of the mandamus action. Appellant filed a timely notice of appeal, and the school board filed its cross-appeal.
We agree with the school board's contention that the trial court erred in awarding attorney's fees to Mr. Glover in the mandamus action, but affirm the judgment in all other respects. Section 57.105 provides:
Attorney's fees.  The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
Statutes authorizing an award of attorney's fees are in derogation of the common law and therefore must be strictly construed. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982). In Whitten, the supreme court cited with approval the case of Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980), in which the district court of appeal held that in order to find a complete absence of a justiciable issue of law or fact, the trial court must find that the action is so clearly devoid of merit, both as to law and fact, as to be completely untenable. This was interpreted as being tantamount to a finding that the action is frivolous.
We hold that in order to properly award attorney's fees pursuant to section 57.105, it is necessary to find that the entire action, not merely a portion thereof, was devoid of merit both as to law and fact. In the case sub judice, the trial court did not find that the entire action was devoid of merit; therefore, it erred in awarding attorney's fees pursuant to section 57.105.
We, accordingly, reverse that portion of the final judgment awarding attorney's fees to the appellant in the mandamus action, but affirm the judgment in all other respects.
Affirmed in part and reversed in part.
*118 SCHOONOVER, A.C.J., LEHAN, J., and BOARDMAN, EDWARD F. (Ret.), J., concur.