508 So.2d 534 (1987)
Ernest RUPPEL and Robert P. Mandersheid, General Partners in the Florida Limited Partnership, Gulf Winds Apartments, Ltd., Appellants,
v.
GULF WINDS APARTMENTS, INC., a Florida Corporation and a Florida Condominium Association, Appellee.
No. 86-1921.
District Court of Appeal of Florida, Second District.
June 12, 1987.
David P. Rhodes of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, for appellants.
Robert J. Nader of Anderson & Orcutt, P.A., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellants, Ernest Ruppel, Robert P. Mandersheid and Gulf Winds Apartments, Ltd. (Developers), converted Gulf Winds Apartments, Inc. into condominiums. Members of appellee, Gulf Winds Apartments, Inc. (Condo Association) purchased converted condominium units from the Developers. A dispute arose, and Condo Association brought a condominium class action against Developers for negligence and breach of fiduciary duty. Developers moved for and were granted, in part, a motion to dismiss the complaint. Approximately three months later, Condo Association filed an amended five-count complaint. Developers again filed a motion to dismiss the complaint.
In their motion to dismiss, Developers argued that: (1) Condo Association's claim was barred by the statute of limitations; (2) there were no implied warranties on the sale of a "conversion" condominium unit since the alleged defects did not make the units unfit for occupancy; and (3) the acts alleged in Count V were not breaches of any fiduciary duty owed by an officer or a director of a condominium association.
In response to the motion to dismiss, Condo Association filed a "Motion for Fees and Sanctions for Frivolous Second Motion *535 to Dismiss." This motion requested an award of attorney's fees "pursuant to § 57.105, Florida Statutes." The court denied Developers' motion to dismiss and granted Condo Association's motion for fees. Developers appeal.
Developers argue first that the trial court improperly ordered Developers to pay Condo Association's attorney's fees because such an award is not provided for either by contract or by statute. Steinhardt v. Eastern Shores White House Association, Inc., 413 So.2d 785 (Fla. 3d DCA 1982). We agree. Since there was no contract, the only basis for the award was section 57.105, Florida Statutes (1985). Under that section, the court may award attorney's fees to the "prevailing party" if the losing party failed to raise a justiciable issue of law or fact. For there to be a prevailing party, there must necessarily be a disposition of the case. Steinhardt, 413 So.2d at 786. There has been no such disposition here.
Moreover, it is not proper to order one party to pay the other's attorney's fees as a sanction for sham pleadings. Florida Rule of Civil Procedure 1.150, allows sham pleadings to be stricken; it does not allow the court to use attorney's fees as a sanction. A court may order a party to pay attorney's fees if that party fails to attend his own deposition (Rule 1.310(h)), fails to make discovery or answer interrogatories (Rule 1.380), or makes a bad-faith affidavit in support of a motion for summary judgment (Rule 1.510). A court may not, however, order the party who files an unsuccessful motion to dismiss to pay the other party's attorney's fees.
Significantly, while the rule governing motions for summary judgment (Rule 1.380) does allow a trial court to use attorney's fees as a sanction, the Rule governing dismissals does not (Rule 1.420). We find, therefore, that the order granting Condo Association's motion for attorney's fees should be reversed.
While Condo Association argues that the trial court order granting its motion for attorney's fees is not a final appealable order, that issue has been decided by an earlier order of this court denying Condo Association's motion to dismiss this appeal on those grounds. An attorney fee award is deemed final for purposes of appeal from that order. See Kucera v. Kucera, 330 So.2d 36 (Fla. 4th DCA 1975).
Developers also argue that their second motion to dismiss should have been granted. Condo Association responds that an order denying a motion to dismiss is not appealable. We agree and decline to address this issue on the ground that we are without jurisdiction to do so. Peavy v. Parrish, 385 So.2d 1034 (Fla. 4th DCA 1980). Although Developers maintain that under Florida Rule of Appellate Procedure 9.110(h), one final order in the case allows the court to review all earlier nonfinal orders, that Rule anticipates that the court has entered a final judgment in the case. The attorney's fee order is considered the culmination of a separate case, in the nature of separate supplementary proceedings. Because the attorney's fee order did not dispose of any substantive issues in the case, it is not a final order for purposes of Rule 9.110(h). The order denying the motion to dismiss was not "entered as a necessary step" or "as an aspect of the final adjudication appealed." Duncan v. Pullum, 198 So.2d 658 (Fla. 2d DCA 1967).
We, therefore, reverse the order that awarded Condo Association its attorney's fees and decline to consider the second issue.
HALL and THREADGILL, JJ., concur.