546 So.2d 88 (1989)
John G. WOOD, Jr., Appellant,
v.
Don D. PRICE, Appellee.
No. 88-03372.
District Court of Appeal of Florida, Second District.
July 5, 1989.
*89 William W. Dolan of Duffey, Judd, Webb, Wood & Davis, P.A., Sarasota, for appellant.
Robert Jackson McGill of Law Offices of Robert Jackson McGill, P.A., Venice, for appellee.
SCHOONOVER, Acting Chief Judge.
The appellant, John G. Wood, Jr., challenges the trial court's denial of his motion for attorney's fees. We find that the court erred by not awarding the appellant an attorney's fee pursuant to section 57.105, Florida Statutes (1983), and, accordingly, reverse.
The appellant, an attorney, filed a civil action against the appellee, Don D. Price, on behalf of his client, Arthur R. Schroder. The appellee filed a counterclaim naming the appellant as an additional defendant. The counterclaim accused the appellant of malicious prosecution and violation of the appellee's constitutional rights. The appellant filed a sworn motion, accompanied by an affidavit, to strike the pleading as a sham. The motion, filed pursuant to Florida Rule of Civil Procedure 1.150, alleged that the pleading was inherently false and was filed in bad faith as a mere pretense. The court granted the motion and dismissed the counterclaim, as it related to the appellant, with prejudice. This court affirmed. Price v. Wood, 514 So.2d 364 (Fla. 2d DCA 1987).
After the action was dismissed, the appellant filed a motion for attorney's fees in the trial court on the ground that the counterclaim had a complete absence of a justiciable issue of either law or fact. The court initially entered an order holding that the mere granting of a motion to strike a sham pleading does not automatically entitle the moving party to an award of attorney's fees under section 57.105, but reserved jurisdiction to further consider the appellant's motion. The court also held that it did not have jurisdiction to award appellate attorney's fees to Mr. Wood. Several months later, the trial court issued an order denying the appellant's motion, and this timely appeal followed.
We agree with that portion of the trial court's initial order holding that the court did not have jurisdiction to award appellate attorney's fees to the appellant in connection with the initial appeal.
We also agree with that portion of the order holding that the mere granting of a motion to strike a sham pleading does not automatically entitle the moving party to an award of attorney's fees under section *90 57.105. In Ruppel v. Gulf Winds Apartments, Inc., 508 So.2d 534 (Fla. 2d DCA 1987), this court held that the trial court erred in granting attorney's fees either as a sanction for filing a sham pleading or pursuant to section 57.105. We stated that it is not proper to award attorney's fees as a sanction for filing sham pleadings. We did not, however, hold that if the striking of the pleadings results in a dismissal of the action with prejudice that attorney's fees could not be awarded pursuant to section 57.105.
In Ruppel, the striking of the pleading did not result in the dismissal of the action with prejudice, and accordingly, there was no prevailing party at that time and no reason to determine if there was a complete absence of a justiciable issue of either law or fact. In order to award attorney's fees under the statute, it is necessary to find that the entire action, not merely a portion thereof, was devoid of merit both as to law and fact. Glover v. School Bd., 462 So.2d 116 (Fla. 2d DCA 1985). If the granting of a motion to strike a sham pleading results in the dismissal of the action, however, the court must award attorney's fees, if properly requested, to the prevailing party. We, accordingly, disagree with the final order denying the appellant's request for an attorney's fee pursuant to section 57.105.
The purpose of the statute is to discourage baseless claims, stonewall defenses, and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these activities. Such frivolous litigation constitutes a reckless waste of judicial resources as well as the time and money of prevailing litigants. Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla. 1982).
Section 57.105 provides that: "The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party."
In order to find a complete absence of a justiciable issue of either law or fact, the trial court must find that the action is so clearly devoid of merit both on the facts and the law as to be completely untenable. Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980). The court in Allen stated that the finding of a complete absence of a justiciable issue of either law or fact is tantamount to a finding that the action is frivolous. See also, Whitten. A frivolous action is one that is so readily recognizable as devoid of merit on the face of the record that its character may be determined without argument or research. See Whitten. In this case, the striking of the appellee's counterclaim as a sham established that the action was frivolous. Although a sham pleading is not the same as a frivolous pleading, when the pleading upon which the action is based is stricken as either a sham or as being frivolous, the action is readily recognizable as devoid of merit and results in an action being completely absent a justiciable issue of either law or fact. A frivolous pleading is one which on its face plainly sets up no defense, although it may be true in fact. A sham pleading is one good on its face but absolutely false in fact. One is as objectionable as the other in frustrating the orderly administration of justice. Rhea v. Hackney, 117 Fla. 62, 157 So. 190 (1934). In this case the court struck the appellee's pleading as a sham. In order to do so, it had to find that it was palpably or inherently false and, from the plain or conceded facts in the case, must have been known to the party interposing it to be untrue. Guaranty Life Ins. Co. v. Hall, 138 Fla. 176, 189 So. 243 (1939); Rhea; Jaruagua Enters., Inc. v. Dom, Inc., 339 So.2d 702 (Fla. 3d DCA 1976), Ader v. Temple Ner Tamid, 339 So.2d 268 (Fla. 1976). By granting the motion to strike and dismissing the action, the court determined that the action was frivolous.
Once the determination has been made by the trial court that there is a complete absence of a justiciable issue of law or fact, the award of attorney's fees to the prevailing party who properly moves for such fees is required. Debra, Inc. v. *91 Orange County, 445 So.2d 404 (Fla. 5th DCA 1984); Wright v. Acierno, 437 Elec. Co., 410 So.2d 536 (Fla. 5th DCA 1982); Galbraith v. Inglese, 402 So.2d 574 (Fla. 4th DCA 1981). Since the trial court did not award attorney's fees after striking the counterclaim as a sham and dismissing the action against the appellant, it erred. We, accordingly, reverse and remand for proceedings consistent herewith.
Reversed and remanded.
FRANK and HALL, JJ., concur.