PER CURIAM.
The plaintiff, Mrs. Sumpolec, appeals from the entry of a final judgment in accordance with a directed verdict entered at the close of all the evidence. We reverse.
The trial court erred in entering a directed verdict for the insurance company, Pruco Life Insurance Company [Pruco], based on the argument that a corporation could not be held responsible for fraud committed by one of its agents because the agent acted without corporate authority. A corporation is liable for the deceit and false misrepresentations made by its agent in the scope and course of his employment regardless as to whether the corporation authorized or was cognizant of the misrepresentations. See West Fla. Land Co. v. Studebaker, 37 Fla. 28, 19 So. 176 (1896); Wheeler v. Baars, 33 Fla. 696, 15 So. 584 (1894); Taco Bell of Cal. v. Zappone, 324 So.2d 121, 123 (Fla. 2d DCA 1975); Donner v. Morse Auto Rentals, Inc., 147 So.2d 577, 579 (Fla. 3d DCA 1962). To have an agent’s actions bind his principal, those actions must be within the scope of his expressed or implied authority or be of such a nature that third parties would be entitled to rely upon those actions as being within his apparent authority. Taco Bell, 324 So.2d at 123. Issues regarding the real and/or apparent authority of an agent to bind the corporate principal by fraudulent acts present mixed questions of law and fact and should be submitted to the jury. Id.
In the present case, the agent asked the Sumpolecs the questions and completed the application for life insurance for them. This agent could only write insurance policies on behalf of Pruco. In fact, Pruco provided the agent with the particular application used in this case. Finally, the agent submitted the application to Pruco and Pruco issued the policy. Therefore, the jury was presented with substantial evidence upon which to conclude that the agent had the apparent authority to make the representations and give the Sumpolecs *780 advice on how to complete the life insurance application. Having found that the agent had the apparent authority to perform the act which constituted the fraud, the jury went on to find Pruco liable for the fraud committed by its agent and awarded Mrs. Sumpolec damages in an amount equal to the life insurance policy in question. We find that the trial judge improperly entered the final judgment in accordance with the directed verdict where the jury’s determination was supported by substantial evidence. See Skidmore, Owings & Merrill v. Volpe Constr. Co., Inc., 511 So.2d 642 (Fla. 3d DCA 1987), review denied, 520 So.2d 586 (Fla.1988).
Pruco alleges that Mrs. Sumpolec failed to prove either justifiable reliance or damages based on that reliance. The trial judge was not persuaded by Pruco’s argument that Mrs. Sumpolec had failed to establish that she would have been able to obtain life insurance from another company for her husband had his application correctly disclosed his hypertensive condition. The trial judge must have found that there was some evidence or reasonable inference that could be drawn to establish the essential elements to support her claim of fraud. See Wilson v. Tanner, 346 So.2d 1077 (Fla. 1st DCA 1977); Poliakoff v. National Emblem Ins. Co., 249 So.2d 477 (Fla. 3d DCA), cert. denied, 254 So.2d 790 (Fla. 1971). Therefore, the trial judge properly left it to the jury to decide whether there had been fraud on the part of Pruco which was the legal cause of Mrs. Sumpolec’s damages. We have carefully examined the record and find the evidence sufficient to justify the jury verdict which resolved this issue in Mrs. Sumpolec’s favor. Pruco’s reliance on D.R. Mead & Co. v. Cheshire of Fla., Inc., 489 So.2d 830 (Fla. 3d DCA 1986) is inappropriate. In Mead, the insured’s agent had no power to bind the insurance company, while in the instant case the agent was employed by Pruco and had the power to bind the insurance company.
We reverse the judgment in favor of Pruco and remand with directions to enter judgment for Mrs. Sumpolec pursuant to the jury’s verdict.
Having ordered that the trial court enter a judgment consistent with the jury verdict, we accept Mrs. Sumpolec’s concession that she is no longer interested in pursuing her claim for punitive damages.