568 So.2d 531 (1990)
Joyce FOREMAN, Appellant,
v.
E.F. HUTTON & COMPANY, INC., and Sanford Rywell, Appellees.
No. 89-2724.
District Court of Appeal of Florida, Third District.
October 23, 1990.
Russell L. Forkey and James E. Falco, Deerfield Beach, for appellant.
Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell and John D. Boykin, West Palm Beach, for appellees.
Before BARKDULL, NESBITT and JORGENSON, JJ.
NESBITT, Judge.
This is an appeal of an attorney's fee award to a defendant pursuant to section 772.104, Florida Statutes (1989). We affirm.
Appellant Foreman brought a multi-count amended complaint against appellees. Count III alleged a violation of Florida's *532 "Civil Remedies for Criminal Practices Act", chapter 772, under which civil suits alleging violation of the Florida Racketeer Influenced and Corrupt Organization (RICO) Act are brought. Appellees filed a limited motion to dismiss the complaint along with a memorandum of law addressing the Florida RICO count. Appellant Foreman filed a memorandum of law in opposition. The court granted dismissal with prejudice of the Florida RICO count.
Appellees then moved, pursuant to section 772.104, Florida Statutes (1989),[1] for an award of attorney's fees and costs expended in obtaining the dismissal with prejudice of the Florida RICO count. At a hearing on that motion, the trial judge orally ruled that plaintiff's Florida RICO claim was without substantial fact or legal support and granted the motion awarding fees. The trial judge later entered a written order memorializing his oral findings.
On appeal, Foreman claims that section 772.104 (applicable solely to fee awards in civil causes of action brought under the Florida RICO Act) should be construed in pari materia with section 57.105(1), Florida Statutes (1989) (applicable to fee awards in any civil action found to have been brought frivolously or in bad faith). We disagree. While section 57.105 requires a finding of a "complete absence of a justiciable issue of either law or fact" before a losing party would be obligated to pay the opposing party's attorney's fees, section 772.104 necessitates a finding that the claim "was without substantial fact or legal support." The legislature's clear intent in wording section 772.104 as it did was to discourage RICO claims lacking either legal or factual substance by setting a less stringent standard for a fee award than the bad faith standard of section 57.105. Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 505 (Fla. 1982) ("Statutes authorizing an award of attorney's fees are in derogation of the common law. Therefore, such statutes must be strictly construed."); Kittel v. Kittel, 210 So.2d 1 (Fla. 1967) (same).
Foreman further claims that even if sections 772.104 and 57.105 cannot be read in pari materia, the fee award must still be reversed because it could not rightly contain the requisite finding that the Florida RICO count was without substantial factual support. While it is true that the case was disposed of on the pleadings and thus the facts of the case were not fully developed, section 772.104 is obviously drawn in the disjunctive in its reference to claims lacking "substantial fact or legal support" so as to discourage both claims of insufficient legal substance and, in the alternative, those lacking an evidentiary foundation. See Whitten, Kittel. Thus, the trial court acted within its discretion in ruling that based on the pleadings, and consequently as a matter of law, the RICO claim lacked substantial legal support, entitling the defendants to attorney's fees and costs pursuant to section 772.104.[2]
Accordingly, we affirm the decision of the trial court.
NOTES
[1] The pertinent language of section 772.104 states:

The defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support.
[2] In the federal court system the trial court may require a plaintiff making a federal RICO claim, 18 U.S.C. § 1964 (1984), to file a RICO Case Statement. See O'Malley v. O'Neill, 887 F.2d 1557 (11th Cir.1989), cert. denied, ___ U.S. ___, 110 S.Ct. 2620, 110 L.Ed.2d 641 (1990); Elliott v. Foufas, 867 F.2d 877, 880 (5th Cir.1989). This requirement, based on the "reasonable inquiry" required before signing a complaint by Federal Rule of Civil Procedure 11, obligates the plaintiff to set forth in detail the facts he or she is relying upon to initiate the RICO complaint. Upon examination of the complaint in conjunction with the RICO statement, the federal trial court may enter a dismissal or a final summary judgment for the defendant should the allegations fail to state a cause of action. The trial court may then impose sanctions against the plaintiff under Rule 11 in the amount of the defendant's fees and costs on grounds the RICO allegations were frivolous or insubstantial. See Alexander v. Jenkins, No. 89-4050, 1990 WL 98960 (E.D.Pa. July 13, 1990).