583 So.2d 1114 (1991)
Milton J. BARBER, Appellant,
v.
OAKHILLS ESTATES PARTNERSHIP, a Florida General Partnership, Appellee.
Nos. 90-02763, 90-02991.
District Court of Appeal of Florida, Second District.
August 9, 1991.
*1115 Stephen F. Baker, Winter Haven, for appellant.
Rex P. Cowan, Winter Haven, for appellee.
PATTERSON, Judge.
In this consolidated appeal, Milton J. Barber, the plaintiff below, challenges an order of the trial court determining the entitlement of defendant Oakhills Estates Partnership (the Partnership) to attorney's fees and a final judgment awarding such fees. We reverse.
Barber, the owner of a landlocked parcel of real property, brought an action to obtain an easement for ingress and egress across the adjacent property of the Partnership. The complaint, founded on a single set of facts, was pled in three counts. Each count sets forth an alternative legal theory under which Barber sought relief.[1]
After motion and hearing, the trial court granted summary judgment in favor of the Partnership as to count I on March 1, 1990, and as to counts II and III on March 28, 1990. The Partnership then filed a motion for the award of attorney's fees pursuant to section 57.105(1), Florida Statutes (1989). By order dated August 29, 1990, the trial court found that count I was frivolous and that counts II and III were not. Based on these findings, the court determined that the Partnership was entitled to an award of fees as to count I only. On October 2, 1990, the court entered a final judgment against Barber and awarded $3,825 in attorney's fees to the Partnership.
This award was error. To award fees pursuant to section 57.105(1), there must be a complete absence of a justiciable issue of law or fact which renders the action completely untenable. It is necessary for the trial court to make such determination as to "the entire action, not merely a portion thereof." Wood v. Price, 546 So.2d 88 (Fla. 2d DCA 1989), rev. denied, 553 So.2d 1166 (Fla. 1989); Glover v. School Bd. of Hillsborough County, 462 So.2d 116 (Fla. 2d DCA 1985). That did not and could not occur here, because the trial court found that counts II and III, founded on the same facts as count I, were not frivolous.
Reversed.
LEHAN, A.C.J., and PARKER, J., concur.
NOTES
[1] Count I  implied easement; count II  easement by prescription; and count III  a statutory way of necessity pursuant to section 704.01(2), Fla. Stat. (1989).