590 So.2d 946 (1991)
Frank CIARAMELLO, Jr. and Anna Dimuccio, as Executors of the Estate of Frank B. Ciaramiello a/k/a Bartholomeo Ciaramiello, Sr. a/k/a Bartholomeo Ciaramello, Appellants,
v.
Gladys D'AMBRA and Gabriel D'Ambra, Appellees.
No. 90-03448.
District Court of Appeal of Florida, Second District.
September 27, 1991.
Rehearing Denied December 16, 1991.
Steven G. Nilsson, Clearwater, for appellants.
Thomas D. Shults of Shults & Pomeroy, P.A., Sarasota, for appellees.
SCHEB, Judge.
We write primarily to explain that in determining entitlement to attorney's fees under section 772.11, Florida Statutes (1989), courts are guided by different standards than those applicable to section 57.105, Florida Statutes (1989).
The appellants' first amended complaint consisted of three counts. Each count involved a challenge by two of the decedent's children, as executors of his estate, concerning property which had been jointly titled in the names of the decedent and Gladys D'Ambra, one of his daughters. Counts I and II sought declaratory relief; count III sought treble damages, based on the allegations of a claim for civil theft founded on section 772.11. The trial court dismissed count III with prejudice.[1] Thereafter, the court found that "Plaintiffs' `civil theft' claim lacked substantial legal or factual support and, accordingly, the Defendants are entitled to an award of attorneys' fees ... pursuant to section 772.11." The appellants now challenge the entry of the final judgment which awarded the appellees attorney's fees. We affirm.
We find no merit to the appellants' contention that the trial court erred in finding that count III raised a claim which was without substantial fact or legal support, thereby subjecting them to liability for attorney's fees. Specifically, we reject the appellants' claims that section 772.11 should be construed in pari materia with section 57.105(1). The appellants submit the court erred in awarding attorney's fees *947 without finding that their civil theft claim was completely devoid of merit in both law and fact.
Section 57.105(1) provides that a party is entitled to an award of attorney's fees only when the court determines that there was a complete absence of a justiciable issue raised by the losing party, which renders the action completely untenable. Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501, 506 (Fla. 1982). It follows that it is necessary that the court make that determination as to "the entire action, not merely a portion thereof." Barber v. Oakhills Estates Partnership, 583 So.2d 1114 (Fla. 2d DCA 1991); Wood v. Price, 546 So.2d 88 (Fla. 2d DCA 1989), rev. denied, 553 So.2d 1166 (Fla. 1989).
In contrast, section 772.11 provides a civil remedy for theft. It entitles a defendant to recover reasonable attorney's fees and court costs in the trial and appellate courts "upon a finding that the claimant raised a claim which was without substantial fact or legal support." Statutes which authorize an attorney's fees award are in derogation of the common law, and therefore, must be strictly construed. Kittel v. Kittel, 210 So.2d 1 (Fla. 1967). In light of this established principle, we interpret the legislature's intent in wording section 772.11 was to discourage civil theft claims lacking either legal or factual substance by setting a less stringent standard for a fee award than the bad faith standard of section 57.105. Therefore, since the court correctly found there was no substantial legal or factual support for count III, it properly awarded the defendant attorney's fees. It was unnecessary for the court to find a complete absence of legal and factual support for the appellants' civil theft claim.[2]
Section 57.105(1) focuses on non-meritorious litigation in general. Section 772.11, on the other hand, focuses specifically on civil theft claims and allows a defendant to recover attorney's fees for claims "without substantial fact or legal support". The appellees successfully challenged the appellants' allegations of civil theft and the court found that the appellants' claim lacked substantial legal or factual support. Accordingly, we think logic and sound public policy dictate that the appellees recover attorney's fees.
We affirm the judgment awarding attorney's fees. We grant the appellees' motion for attorney's fees on appeal, and remand for determination of a reasonable fee. §§ 772.11, 59.46 Fla. Stat. (1989); Fla. R.App.P. 9.400(b).
SCHOONOVER, C.J., and PATTERSON, J., concur.
NOTES
[1] Prior to filing the notice of appeal to this court on November 29, 1990, the appellants voluntarily dismissed counts I and II on February 23, 1990. The appellants opted to litigate their claims in federal district court. See DiMuccio v. D'Ambra, 750 F. Supp. 495, 497 (M.D. Fla. 1990).
[2] See Foreman v. E.F. Hutton & Co., Inc., 568 So.2d 531 (Fla. 3d DCA 1990), holding similar language found in section 772.104, Florida Statutes, to be interpreted as authorizing attorney's fees where a claim lacks either legal or factual substance.