591 So.2d 328 (1992)
Robert J. FRIEDMAN, Appellant,
v.
LAUDERDALE MEDICAL EQUIPMENT SERVICE, INC., etc., et al., Appellees.
No. 91-0465.
District Court of Appeal of Florida, Fourth District.
January 3, 1992.
Robert J. Friedman of Friedman, Oshinsky & Krulewitz, P.A., Hallandale, for appellant.
Elaine M. Gatsos of Law Office of Elaine M. Gatsos, Boca Raton, for appellee-Lauderdale Medical Equipment Service, Inc.
WARNER, Judge.
The appellant challenges an order of the trial court refusing to award him attorney's fees under section 812.035, Florida Statutes (1989). We reverse.
*329 Appellant, an individual, and a corporation were sued for conversion, civil theft, and conspiracy. At trial the court directed a verdict in favor of appellant on the conversion count, finding appellant did not wrongfully take property of appellee. The court also directed a verdict on the civil theft claim, determining that there was no evidence of criminal intent, a necessary element of proof. See Lewis v. Heartsong, Inc., 559 So.2d 453 (Fla. 1st DCA 1990). However, the case went to the jury on the third claim, and a judgment was rendered against appellant on that count.
The appellant moved to assess attorney's fees pursuant to section 812.035(7) on the ground that, based on the directed verdicts, appellee's civil theft claim was "without substantial fact or legal support." The trial court denied the award, finding that because there was an award on one other claim (the conspiracy count) which arose out of the same facts, appellant was not entitled to an award even though the court made a finding that the plaintiff had not proved criminal intent.
In construing a similar attorney's fee provision in section 772.104, Florida Statutes (1989), the Third District in Foreman v. E.F. Hutton & Co., Inc., 568 So.2d 531 (Fla. 3d DCA 1990) compared that provision to section 57.105, Florida Statutes which provides for attorney's fees where there is a "complete absence of a justiciable issue of either law or fact." The court stated:
The legislative's clear intent in wording section 772.104 as it did was to discourage RICO claims lacking either legal or factual substance by setting a less stringent standard for a fee award than the bad faith standard of section 57.105 (citations omitted).
... .
[S]ection 772.104 is obviously drawn in the disjunctive in its reference to claims lacking "substantial fact or legal support" so as to discourage both claims of insufficient legal substance and, in the alternative, those lacking an evidentiary foundation.
Id. at 532 (emphasis added). See also Ciaramello v. D'Ambra, 590 So.2d 946 (Fla. 2d DCA 1991). By the grant of a directed verdict on the grounds that there was no showing of criminal intent, the trial court determined that no evidence was presented to support an essential element of the civil theft claim. Therefore, the claim of civil theft was by definition without any factual evidentiary support, let alone substantial fact, because it was missing an essential element of the claim. That other facts may justify recovery on other claims does not vitiate the appellant's entitlement to attorney's fees under section 812.035(7) or section 772.11 which both require only that the appellant prove that the civil theft claim is without substantial factual or legal support. Cf. Lochrane Engineering Inc. v. Willingham Realgrowth Inv. Fund, Ltd., 563 So.2d 719 (Fla. 5th DCA 1990) (where multi-count complaint asserts causes of action, one of which permits award of attorney's fees to prevailing party, one party or the other is prevailing party as to cause of action involving attorney's fees independent of which party wins or loses on other theories of recovery asserted in the same cause).
If this were an award under section 57.105, the trial court's ruling would be appropriate because that statute requires that the entire action show a complete absence of any justiciable issue. Here, of course, there were justiciable issues. But sections 772.11 and 812.035 are claim specific. Thus, we reverse and remand for a determination of attorney's fees expended on the civil theft counts.
POLEN and GARRETT, JJ., concur.