PER CURIAM.
These consolidated appeals arise from a will contest between the decedent’s lineal descendants, Billie Jean Kelly and Barbara O’Donnell (Appellants), and the beneficiaries under the will, Home of the Merciful Saviour For Crippled Children (HMS), and Richard Johnson (Johnson), and the decedent’s attorney, John Militana (Milita-na).
Appellants are the granddaughters of the decedent. Johnson was the decedent’s live-in companion. Militana was the decedent’s attorney and designated personal representative. HMS is an out of state charity.
Appellants appeal: (1) a summary judgment in favor of Militana; (2) an award of attorney’s fees to HMS; and (3) a cost judgement in favor of HMS. We reverse.
Appellants contested the provisions of a will which disinherited them, alleging: 1) undue influence on the part of Militana and Johnson; 2) decedent's incompetence to execute the will; and 3) malpractice and breach of a fiduciary duty by Militana. Appellants also sought a détermination of the beneficiary described in the residuary clause of the will.
The trial court entered summary judgment in favor of HMS as the residuary beneficiary. After a bench trial, the court entered judgment in favor of Militana and Johnson, on the count alleging undue influence. Further, the court found the decedent was competent to execute the will.
Militana then moved to dismiss the counts of the complaint which alleged malpractice and breach of fiduciary duty. At the hearing on Militana’s motion to dismiss, the trial court sua sponte entered a final summary judgment in favor of Militana.
Appellants appeal the cost judgment entered in favor of HMS. Appellants also appeal the attorney’s fees awarded pursuant to section 57.105, Florida Statutes (1989), against appellants and the law firm representing them, appellant Hall and Hed-rick.
During the last year of decedent’s eighty-nine year life, she was hospitalized several times. The deceased executed a will prepared by her attorney, Militana, seven months prior to her death. The will disinherited all members of her family. The beneficiaries in the will were the deceased’s live-in companion and an out-of-state charity.
There are two grounds for reversal of the final summary judgment. First, there was an absolute failure to comply with the notice requirement of Rule 1.510(c), Florida Rules of Civil Procedure.
Rule 1.510(c), Florida Rules of Civil Procedure, provides:
The motion ... shall be served at least twenty days before the time fixed for hearing.
Here, there was no motion and no notice. Further, a trial court may not grant a summary judgment where there is no motion pending and no notice or opportunity to present opposing affidavits. Muncey v. Star Brite Distributors, Inc., 378 So.2d 1326 (Fla. 3d DCA 1980).
Secondly, the record reflects the existence of disputed issues of material fact which preclude summary judgment. See Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977); Holl v. Talcott, 191 So.2d 40 (Fla.1966); Florida Aviation International Corporation v. A & E Aircraft, Inc., 590 So.2d 557 (Fla. 3d DCA Dec. 24, 1991); Bloch v. Berkshire Insurance Co., 585 So.2d 1137 (Fla. 3d DCA 1991).
We also reverse the award of attorney’s fees to HMS pursuant to section 57.-105, Florida Statute (1989). Section 57.105 provides:
The court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party’s attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the com *115 plaint or defense of the losing party_ [Emphasis added].
See also Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982); Ciaramello v. D’Ambra, 590 So.2d 946 (Fla. 2d DCA Sept. 27, 1991).
Appellants raised two issues regarding HMS’s entitlement under the will: 1) whether the residuary estate lapsed for lack of a residuary beneficiary; and 2) determination of the beneficiary. These issues were based on a deviation between the name listed in the will and the name under which HMS was presently operating.
We find justiciable issues. Accordingly, we find the award of attorney’s fees was improper. § 57.105, Fla.Stat. (1989).
Finally, we reverse the cost judgment entered against appellants. Without addressing individual points of contention, we note that only taxable costs are to be included in any cost judgment. See Mitchell v. Osceola Farms Co., 574 So.2d 1162 (Fla. 4th DCA 1991); Kay v. Katzen, 568 So.2d 960 (Fla. 3d DCA 1990); Reeser v. Boats Unlimited, Inc., 432 So.2d 1346 (Fla. 4th DCA 1983).
Accordingly, we reverse the summary judgment entered in favor of Militana, and the attorney’s fees and cost judgment awarded HMS, and remand for further proceedings.