PER CURIAM.
This is an appeal by the plaintiff Apple Premium Finance Company from an adverse final summary judgment and an order awarding attorney’s fees; this is also a cross appeal by the defendant General Star Indemnity Company from an order dismissing its counterclaim. We affirm.
First, we conclude, based on this record, that as a matter of law (1) the alleged fraud and civil theft sued upon in this case was committed by an employee or agent of Miami Insurance, Inc.; (2) the plaintiff Apple Premium Finance Company supplied Miami Insurance, Inc. with the blank finance contracts and check drafts which facilitated the fraud and civil theft sued upon so that Miami Insurance, Inc. could write insurance finance contracts for the plaintiff; and, therefore, (3) the plaintiff has no cause of action for fraud and civil theft against the defendant for the actions of the Miami Insurance, Inc. because (a) the Miami Insurance, Inc. was not, as urged, the agent of the defendant, but, instead, was the agent of the plaintiff with respect to the acts sued upon, and (b) the plaintiff created the circumstances which enabled Miami Insurance, Inc. to perpetrate the fraud and civil theft sued upon and therefore must suffer the consequences for any loss occasioned thereby. Cupac, Inc. v. Mid-West Ins. Agency, Inc., 626 F.Supp. 559, 562 (S.D. Ohio 1985); Niccolls v. Jennings, 92 So.2d 829, 832-33 (Fla.1957); Sumpolec v. Pruco Life Ins. Co., 563 So.2d 778, 779 (Fla. 3d DCA 1990); Jaar v. University of Miami, 474 So.2d 239, 242 (Fla. 3d DCA 1985), rev. denied, 484 So.2d 10 (Fla.1986); National Premium Budget Plan Corp. v. National Fire Ins. Co. of Hartford, 106 N.J. Super. 238, 254 A.2d 819, 820 (App.Div.), cert. denied, 54 N.J. 515, 257 A.2d 113 (1969).
Second, we conclude that the plaintiff pled no cause of action for negligent hiring and retention against the defendant because the misconduct complained of was not alleged to have been committed by an employee of the defendant. This being so, the trial court properly dismissed this count. Mallory v. O’Neil, 69 So.2d 313 (Fla.1954); Garcia v. Duffy, 492 So.2d 435, 438-39 (Fla. 2d DCA 1986).
Third, we conclude that the trial court did not err in awarding attorney's fees for the defendant because the plaintiffs claims were “without substantial fact or legal support,” thereby entitling the defendant to such fees under Section 772.11, Florida Statutes (1991). Friedman v. Lauderdale Medical Equip. Serv., 591 So.2d 328 (Fla. 4th DCA 1992); Foreman v. E.F. Hutton & Co., 568 So.2d 531 (Fla. 3d DCA 1990). Finally, we see no error in the dismissal of the defendant’s counterclaim as clearly no cause of action for negligence per se or negligence was pled below. AFM Corp. v. Southern Bell Tel. & Tel. Co., 515 So.2d 180, 181-82 (Fla.1987); deJesus v. Seaboard Coast Line R.R., 281 So.2d 198, 201 (Fla.1973); Grand Union Co. v. Rocker, 454 So.2d 14 (Fla. 3d DCA 1984).
Affirmed.