650 So.2d 169 (1995)
Thomas A. SKUBAL, Appellant,
v.
William O. COOLEY and Arthur J. Petrie, as general partners of Welleby Partners, Ltd., a Florida Partnership, Robert C. Jacoby and Biby O. Jacoby, Appellees.
No. 93-3119.
District Court of Appeal of Florida, Fourth District.
February 8, 1995.
Howard A. Tescher of Kipnis Tescher Lippman Valinsky & Kain, Fort Lauderdale, for appellant.
Joseph A. Hubert, Fort Lauderdale, for appellees.
HERSEY, Judge.
Thomas L. Skubal appeals an order denying his motion for attorney's fees. We reverse.
In the aftermath of a real estate transaction the buyers, appellees here, filed suit against Skubal, who was essentially the seller. The complaint contained causes of action for fraud (Count I), unjust enrichment (Count II), and a count under the Civil Remedies for Criminal Practices Act, section 772.11, Florida Statutes (1993), based on a violation of section 812.014(1), Florida Statutes (1993), which we will refer to as Count III or the civil theft count. Ultimately, appellees prevailed on the fraud count and a judgment was entered against appellant, Skubal. Count II was dismissed. It is the disposition of the civil theft count that gives rise to the issue on appeal.
During trial, at the end of the presentation of appellee's case in chief, the appellant moved for involuntary dismissal. The motion was granted as to the civil theft count without objection by appellee. In its order the court stated, "Based upon the facts and law the Court finds that Plaintiffs have shown no substantial right to relief under Count III." After trial Skubal filed a motion for attorney's fees for the time expended in connection with his defense against the civil theft count. At the hearing on this motion, appellees' *170 attorney conceded that appellant was "100 percent right on the law" but he argued that the fact that involuntary dismissal was granted did not mean that there had been no factual evidentiary support for the claim. The trial court denied appellant's motion.
Section 772.11, Florida Statutes (1993), the statutory provision under which the appellant sought his attorney's fees, provides in pertinent part:
772.11 Civil remedy for theft.  ... The defendant shall be entitled to recover reasonable attorney's fees and costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support.
Thus, a defendant is entitled to his attorney's fees in defending a claim of civil theft if the claim lacks substantial factual support or if it lacks substantial legal support, or both. Friedman v. Lauderdale Medical Equip. Serv., Inc., 591 So.2d 328, 329 (Fla. 4th DCA 1992) (trial court erred in denying defendant's motion for attorney's fees where plaintiffs' civil theft claim was without substantial factual support in that there was no showing of criminal intent, an essential element of civil theft); Gambolati v. Sarkisian, 622 So.2d 47, 50 (Fla. 4th DCA 1993) (trial court erred in denying defendant's motion for attorney's fees where plaintiff's civil theft claim was without substantial legal support in that breach of contract could not form basis of civil theft action). The fact that the plaintiff has prevailed on other claims does not affect the defendant's right to attorney's fees in defending against a civil theft claim which was without factual or legal support. Friedman, 591 So.2d at 329.
The standard for determining entitlement to attorney's fees under section 772.11 is less stringent than the bad faith standard of section 57.105, Florida Statutes (1993). Ciarmello v. D'Ambra, 613 So.2d 1324, 1325 (Fla. 2d DCA 1991), rev. denied, 599 So.2d 654 (Fla. 1992). See also Foreman v. E.F. Hutton & Co., 568 So.2d 531 (Fla. 3d DCA 1990) (discussing standard under identically worded attorney's fees provision of section 772.104). While section 57.105 requires a finding of a complete absence of a justiciable issue of either law or fact before a losing party would be obligated to pay the opposing party's attorney's fees, fee awards under chapter 772 merely necessitate a finding that the claim was without substantial fact or legal support. See Foreman, 568 So.2d at 532; Ciarmello, 613 So.2d at 1325. Here, the court's order dismissing the civil theft claim did just that. It is unnecessary for the court to find a complete absence of legal and factual support for a civil theft claim before making an award of attorney's fees under section 772.11. 613 So.2d at 1325.
In summary, we agree with our sister court which said under similar circumstances:
[S]ection 772.104 is obviously drawn in the disjunctive in its reference to claims lacking `substantial fact or legal support' so as to discourage both claims of insufficient legal substance and, in the alternative, those lacking an evidentiary foundation... . Thus, the trial court acted within its discretion in ruling that based on the pleadings, and consequently as a matter of law, the RICO claim lacked substantial legal support, entitling the defendants to attorney's fees and costs pursuant to section 772.104.
Foreman, 568 So.2d at 532 (citations omitted) (emphasis in original).
REVERSED AND REMANDED.
WARNER and KLEIN, JJ., concur.