BARKDULL, Judge.
The Plaintiff/Appellee Miller filed suit against Defendant/Appellant Hartford Insurance Company seeking damages for Hartford’s alleged breach of contract for failure to pay claims resulting from hurricane damage, bodily injury and burglary. Hartford answered the breach of contract counts and also filed a counterclaim based upon Florida Statute section 772.102, Florida’s civil RICO statute. Hartford predicated the RICO counterclaim on the allegations that Miller filed four separate insurance claims and that these allegedly fraudulent claims constituted a “pattern of criminal activity” as required by the statute.
Following extensive discovery, the trial court granted Miller’s motion for summary judgment on the RICO counterclaim, stating that:
There just is no evidence here and this is not the kind of case, in my opinion, that the statute envisioned which should be a RICO case and therefore there is no question in my mind that the motion for summary judgment is granted.
The final summary judgment was affirmed by this court. Hartford, Insurance Co. v. Miller, Case No. 95-976, 677 So.2d 847 (Fla. 3d DCA May 29, 1996). After entry of the summary judgment, Miller moved for attorney’s fees pursuant to Florida Statute sections 772.104, 627.428 and 57.105. The trial court found that Miller was entitled to fees under section 772.104 and granted same, which order is the subject of the instant appeal.
Florida Statute section 772.104 (1995) states that the defendant shall be entitled to reasonable attorney’s fees upon a finding that the claimant raised a (civil RICO) claim which was without substantial fact or legal support. This standard has been held to be much less strict than that contained in Florida Statute section 57.105(1) and consequently it is not necessary that the court find a “complete absence of a justiciable issue of either law of fact.” Foreman v. E.F. Hutton & Co., 568 So.2d 531, 532 (Fla. 3d DCA 1990). The trial court must only find that the claim lacked “substantial fact or legal support.” Id. The legislature apparently enacted this less stringent standard to discourage frivolous Rico claims or claims brought for the purpose of intimidation because the stigma and burden of defending such claims is so great.
In cases of this nature, the district courts have consistently held that defendants are entitled to fees under section 772.104 where civil RICO counts were dismissed with prejudice or a verdict was directed in the defendant’s favor. See e.g. Skubal v. Cooley, 650 So.2d 169 (Fla. 4th DCA 1995); Marcus v. Miller, 663 So.2d 1340 (Fla. 4th DCA 1995); Friedman v. Lauderdale Medical Equipment Service, Inc., 591 So.2d 328 (Fla. 4th DCA 1992); Ciaramello v. D’Ambra, 613 So.2d 1324 (Fla. 2d DCA 1991), review denied 599 So.2d 654 (Fla.1992); Foreman v. E.F. Hutton & Co., 568 So.2d 531 (Fla. 3d DCA 1990). In addition, it is clear that a defendant may still be entitled to fees on the RICO count even if the plaintiff ultimately prevails on other counts. See Skubal at 169 (plaintiffs ultimately prevailed on the fraud count); Friedman at 328 (jury found for plaintiffs on the conspiracy count).
We find that the facts of this case support the trial court’s ruling that there was no substantial factual or legal support for this claim. This was a fairly simple case in which an insured filed several fraudulent insurance claims. The fact that she colluded with a personal acquaintance on the personal injury claim does not establish an enterprise for the *303 purposes of the statute. Boyd v. State, 578 So.2d 718 (Fla. 3d DCA 1991), review denied 581 So.2d 1310 (Fla.l991)(“Consistent with legislative intent, the case law is uniform that to prove that an enterprise exists, more is required than a mere showing of an association of criminals.”). Neither is it dispositive that Hartford ultimately prevailed on the fraud counts. See Skubal, Friedman supra.
To sum up, we agree with the trial judge that there was no substantial factual or legal support for the claim and that this was exactly the type of RICO claim that the legislature intended to discourage by section 772.104, Florida Statutes (1995). We therefore affirm.
Affirmed.