685 So.2d 994 (1997)
Pamela BRONSON, Cross Appellee,
v.
Donald BRONSON, etc. et al., Cross Appellant.
No. 96-0035.
District Court of Appeal of Florida, Fifth District.
January 3, 1997.
No Appearance for Cross Appellee.
Jerri A. Blair and Kimberly M. Reid of Blair & Reid, Tavares, for Cross Appellant.
*995 ANTOON, Judge.
Donald Bronson (defendant) cross appeals the denial of his claim for attorney's fees incurred in successfully defending against Pamela Bronson's (plaintiff) claim for civil theft.[1] We reverse because the trial court erroneously applied the frivolous suit standard in denying the request for fees.[2]
The plaintiff filed a three-count complaint for rescission of a deed to real property (count I), an accounting (count II), and civil theft (count III). The defendant filed a counterclaim seeking damages for defamation and injunctive relief. Prior to trial, the plaintiff voluntarily dismissed counts I and III of the complaint. At the conclusion of the non-jury trial on the civil theft count, the trial court ordered an accounting, announcing: "[T]he irony is that while plaintiff is entitled to an accounting, there is nothing to account." The trial court denied the defendant's claim for attorney's fees on the basis that it did not find that the plaintiff's "claims were frivolous."
On appeal, the defendant contends that, pursuant to Foreman v. E.F. Hutton & Co., Inc., 568 So.2d 531 (Fla. 3rd DCA 1990) and section 772.104, Florida Statutes (1995), the trial court erred in failing to award him attorney's fees for successfully defending against the civil theft count. Specifically, he argues that the trial court erroneously applied the frivolous suit standard to his claim for fees. We agree.
Florida's civil theft statute provides that defendants in actions for civil theft "are entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support". See §§ 772.104 & 772.11, Fla. Stat. (1995). Thus, the test under the civil theft statute is whether the plaintiff "raised a claim which was without substantial fact or legal support".
In the instant case, the trial court never addressed the question of whether the plaintiff's claim for civil theft was supported by "substantial fact or legal support." Instead, the court erroneously applied the frivolous suit standard contained in section 57.105, Florida Statutes (1995). Under section 57.105, a defendant is entitled to an award of attorney's fees only if there is a complete lack of a justiciable issue which renders the action completely untenable. Ciaramello v. D'Ambra, 613 So.2d 1324, 1325 (Fla. 2d DCA 1991), rev. denied, 599 So.2d 654 (Fla.1992). Clearly, the standard is less stringent under the civil theft statute. The obvious intent of the legislature in adopting this broader standard was to "discourage civil theft claims lacking in legal or factual substance". Id. at 1325.
We must therefore remand for the trial court to determine, without regard to plaintiff's having prevailed in her claim for accounting, whether the defendant is entitled to fees pursuant to sections 772.104 and 772.11. Friedman v. Lauderdale Medical Equipment Service, Inc., 591 So.2d 328 (Fla. 4th DCA 1992).
REVERSED and REMANDED.
PETERSON, C.J., and THOMPSON, J., concur.
NOTES
[1] The plaintiff's appeal was dismissed.
[2] See § 57.105, Fla. Stat. (1995)