NESBITT, Judge.
In these consolidated cases, the defendants, who successfully had plaintiffs action for civil theft dismissed below, appeal the denial of their motion for attorneys’ fees under the civil theft statute. Plaintiff appeals the award of costs to the defendants. We reverse the order denying attorney’s fees, we affirm the order awarding costs.
Iberoamerican Electronics, S.R.L. (Ibero) sued Moore Business Forms, Inc., Moore Corporation Limited, and Moore Formular-ios, Ltds. (Moore) for breach of contract, breach of warranty, and fraud in the inducement, after lottery tickets Moore manufactured for Ibero, were misprinted. Moore moved to dismiss for forum non conveniens, alleging the actions at issue had taken place out of the country. Ibero amended its complaint to include counts of civil theft and conversion accruing in Florida. The trial court dismissed the civil theft and conversion claims for failure to state a cause of action[1] and dismissed the case for forum non conve-mens. Ibero appealed, claiming in part that the trial court’s separate dismissal of Ibero’s civil theft and conversion claims for failure to state a cause of action was mooted by the dismissal of the case for forum non conveniens. In Iberoamerican Elecs., S.R.L. v. Moore Business Forms, Inc., 679 So.2d 295 (Fla. 3d DCA 1996), this court affirmed both rulings.
Moore then moved in the trial court for attorneys’ fees pursuant to Florida’s civil theft statute, section 772.11, Florida Statutes (1995),[2] arguing that Ibero’s civil theft claim had been brought without substantial fact or legal support as required by that section. The trial court denied the motion. The court concluded that because so much confusion surrounded the economic loss rule, the basis for the dismissal of the civil theft claim, it could not be said that the claim was without substantial fact or legal support.[3]
In its complaint against Moore, the substance of Ibero’s allegations were that it had approached Moore based upon Moore’s reputation as a multinational printing enterprise. During the negotiations, Ibero repeatedly told Moore that the tickets at issue had to be printed by the highest quality equipment. Moore responded, both orally and in writing, that they had extensive experience in printing high quality lottery tickets, and yet the tickets were ultimately misprinted. Ibero had paid in two installments, both payments made before the error was discovered. Moore’s experts called the misprint a “defect” and “error,” caused by the printer going out of its register. Ibero never challenged that characterization.
*613 Civü theft is defined in Florida Statutes, Section 812.014 (1995):
(1) A person commits theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
“Obtains or uses” is explained in Florida Statutes, Section 812.012(2)(c) (1995): “Obtaining property by fraud, willful misrepresentation of a future act, or false promise.”
In HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238, 1239 (Fla.1996) the supreme court concluded that both a contract and civü theft action may arise in tandem:
The economic loss rule has not eliminated causes of action based upon torts independent of contractual breach even though there exists a breach of contract action. Where a contract exists, a tort action wül lie for either intentional or negligent acts considered to be independent from acts that breached the contract.
Thus, in the proper circumstance, no doubt, claims for civü theft and breach of contract can coexist.
The civü theft claim was barred by the economic loss doctrine in the instant case, however, because Ibero faüed to allege a cause of action for civü theft independent of the breach of contract claim. Ibero incorrectly recast a contract action as a civü theft claim. An independent action for civü theft was never aUeged. Here, in concluding the economic loss rule barred Ibero’s claim, the judge was in essence concluding that what was before him was simply a contract action.[4] It was plaintiff’s faüure to allege a claim of civü theft sufficient to withstand defendant’s motion to dismiss, that entitled defendant to be awarded its attorney’s fees. The dismissal of the claim was a finding of a lack of legal support. See Foreman v. E.F. Hutton & Co., Inc., 568 So.2d 531 (Fla. 3rd DCA 1990) (concluding that trial court acted within its discretion in ruling that based on the pleadings, and consequently as a matter of law, a RICO claim lacked substantial legal support, entitling the defendants to attorney’s fees and costs pursuant to section 772.104, Florida Statutes (1989)).
In Friedman v. Lauderdale Medical Equipment Service, Inc., 591 So.2d 328, 329 (Fla. 4th DCA 1992) the fourth district held: “[t]he claim of civil theft was by definition without any factual evidentiary support, let alone substantial fact, because it was missing an essential element of the claim.” Likewise, because plaintiffs action was missing the essential elements of a claim for civü theft, the defendant was entitled to its attorney’s fees. See Ciaramello v. D'Ambra, 613 So.2d 1324, 1324 (Fla. 2d DCA 1991)(awarding attorney’s fees after making a written finding that the civü theft claim lacked substantial fact or legal support); see also Gambolati v. Sarkisian, 622 So.2d 47, 48 (Fla. 4th DCA 1993)(awarding defendant attorney’s fees after concluding that the “facts did not justify a claim for civü theft and there was no intention to retain monies wrongfuUy.”)
Accordingly, we reverse the order denying Moore the attorney’s fees it sought under section 772.11. We find the cost award appealed by Ibero to be entirely appropriate, and we affirm that judgment.

. The trial court, in its final order dismissing the civil theft claim concluded:
Ibero's purported claims for civil theft and conversion alleged in counts IV and V of the Second Amended Complaint, respectively, arise out of the contract sued upon and under the economic loss rule do not state claims upon which relief can be granted.

. Section 772.11 (1995) provides:
The defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim without substantial fact or legal support.

.Economic losses are, "damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits— without any claim of personal injury or damage to other property.” Casa Clara Condominium Ass'n, Inc. v. Charley Toppino and Sons, Inc., 620 So.2d 1244, 1246 (Fla.1993). And Florida has agreed with the majority of jurisdictions in holding that "economic losses are ‘disappointed economic expectations,’ which are protected by contract law, rather than tort law.” Id.) see Florida Power & Light Co. v. Westinghouse Elec.Corp., 510 So.2d 899, 902 (Fla.1987).

. We do not by this statement make any comment on Ibero’s claims for breach of warranty or fraud in the inducement, which remain to be ruled on in the appropriate forum.