761 So.2d 365 (2000)
Ana Laura ARELLANO and Jorge Arellano, Appellants,
v.
Lisette Arellano BISSON and Randolph J. Bisson, Appellees.
Nos. 3D99-2361, 3D99-2349.
District Court of Appeal of Florida, Third District.
April 5, 2000.
Rehearing Denied July 12, 2000.
*366 Merrill & Pollack and Gary W. Pollack, Coral Gables; Linda L. Carroll, Miami, for appellants.
Fulvia A. Morris, Coral Gables, for appellees.
Before COPE, SHEVIN and SORONDO, JJ.
SHEVIN, Judge.
Ana Laura Arellano and Jorge Arellano appeal orders denying their motions for fees and costs. We reverse.
Lisette Arellano Bisson, and her husband, Randolph, filed a multi-count complaint against several defendants, including appellants, Lisette's sister and brother. Over the next four years, the complaint was dismissed and amended numerous times. Appellants filed several motions to strike the pleadings as a sham. After a lengthy evidentiary hearing on the last motion to strike as sham, the court granted the motion, struck the pleadings and entered final judgment for appellants, reserving jurisdiction to determine costs and fees. The Bissons appealed the final judgment; this court dismissed the appeal. Thereafter, the court declined to award fees and costs under sections 57.105, and 772.11, Florida Statutes (1997).
We first address the denial of fees. In Visoly v. Security Pac. Credit Corp., 625 So.2d 1276 (Fla. 3d DCA 1993), review denied, 637 So.2d 239 (Fla.1994), this court stated that a final judgment striking the plaintiff's pleadings for absence of justiciable issues triggers the defendant's entitlement to fees under section 57.105. See Wood v. Price, 546 So.2d 88 (Fla. 2d DCA), review denied, 553 So.2d 1166 (Fla.1989). In this case, the court's act in striking the pleadings as sham was tantamount to a finding that the action was frivolous, i.e., "readily recognizable as devoid of merit and results in [the] action being completely absent a justiciable issue of either law or fact." Wood, 546 So.2d at 90. This determination required the court to award section 57.105 fees to appellants, the prevailing parties.[1]
Additionally, appellants correctly argue that they are entitled to recover their court costs pursuant to section 57.041, Florida Statutes (1997). Under the language of section 57.041, a prevailing party's entitlement to costs is conditioned solely on recovering a judgment. See W.S.M., Jr. v. Department of Health & Rehab. Servs., 692 So.2d 246 (Fla. 1st DCA), review denied, 699 So.2d 1372 (Fla. 1997). Failure to specifically request costs under this section is not fatal to receiving costs.
[S]pecification of the precise statute authorizing costs in practice is almost never required for an award. Section 57.041 creates a general right in a prevailing party for costs following judgment as a matter of course.
Costs are quite simply part of general relief. All pleadings are understood to pray for general relief and are construed to do substantial justice.
Department of Health & Rehab. Servs. v. Crossdale, 585 So.2d 481, 483 (Fla. 4th DCA 1991). As this reasoning demonstrates, there is no basis for denying appellants, as prevailing parties, costs under *367 this section. See Wright v. Caruana, 640 So.2d 197 (Fla. 3d DCA 1994).
Based on the foregoing, we reverse the orders denying fees and costs, and remand for further proceedings.
Reversed and remanded.
NOTES
[1] Although appellants are also entitled to fees under section 772.11, Florida Statutes (1997), see Skubal v. Cooley, 650 So.2d 169 (Fla. 4th DCA 1995); Ciaramello v. D'Ambra, 613 So.2d 1324 (Fla. 2d DCA 1991), review denied, 599 So.2d 654 (Fla.1992), the result herein makes it unnecessary to reach this issue.